# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: December 14, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| KENNETH H. BARRETT *and* TAMMY | * | |
| BARRETT, *parents and representatives of* | * | |
| J.H.B., *deceased*, | * | UNPUBLISHED |
| | * | |
| Petitioners, | * | No. 14-137V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Decision on Damages; Diphtheria- |
| AND HUMAN SERVICES, | * | Tetanus-Acellular Pertussis ("DTaP"); |
| | * | Hepatisis B ("Hep B"), Inactivated |
| | * | Polio ("IPV") Haemophilus Influenzae |
| | * | Type B ("Hib"), Pneumococcal |
| Respondent. | * | Conjugate ("Prevnar"), and Rotavirus |
| | * | Vaccines; Pneumonia; Death. |
| * * * * * * * * * * * * | * | |

Peter J. Sarda, Creech Law Firm, Raleigh, NC, for petitioners.
Robert P. Coleman, III, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON DAMAGES[1]

On February 18, 2014, Kenneth H. Barrett and Tammy Barrett ("petitioners") filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Act" or the "Program"),[2] on behalf of their deceased infant son, J.H.B. Petitioners alleged that as a result of receiving numerous childhood vaccines on August 28, 2013, J.H.B. died from pneumonia on August 31, 2013. Petition

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days of the date this decision is filed, the decision will be posted on the court's website without any changes.**

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

at ¶¶ 12-14; Amended Petition at ¶¶ 12-14.³ On May 6, 2014, respondent filed a Rule 4(c) report recommending against compensation. The parties submitted expert reports, as well as expert testimony during a hearing. On September 6, 2017, I ruled that petitioners had established entitlement to compensation based on a theory of causation in fact. Ruling on Entitlement (ECF No. 55).

On December 13, 2017, respondent filed a Proffer on an award of compensation. (ECF No. 61). The Proffer is attached hereto as Appendix A. Consistent with the terms of the Proffer, I hereby award the following compensation:

1) **A lump sum payment of $310,000 (representing compensation for the statutory death benefit ($250,000) and pain and suffering ($60,000)) in the form of a check payable jointly to petitioners.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The Clerk of the Court shall **ENTER JUDGMENT** in accordance with this decision.⁴

**IT IS SO ORDERED.**

                                                       **s/ Thomas L. Gowen**
                                                       Thomas L. Gowen
                                                       Special Master

---

³ Neither the petition nor the amended petition stated which vaccines J.H.B. received on August 28, 2013, or which vaccines they alleged to have caused his death. The medical records indicate that on August 28, 2013, J.H.B. received Diphtheria-Tetanus-acellular-Pertussis ("DTaP"), Hepatitis B ("Hep B"), Inactivated Polio ("IPV"), Haemophilus Influenza Type B ("Hib"), Pneumococcal Conjugate ("Prevnar"), and Rotavirus vaccinations. Exhibit 4 at 2.

⁴ The entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| KENNETH H. BARRETT and TAMMY BARRETT, Parents and Representatives of J.H.B., deceased, | ) ) ) ) | |
| Petitioners, | ) ) ) | No. 14-137V (**ECF**) |
| v. | ) ) | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

## **PROFFER ON AWARD OF COMPENSATION**[1]

**I.   Procedural History**

On February 18, 2014, Kenneth H. Barrett and Tammy Barrett ("petitioners"), as representatives of their deceased son, JHB, filed a Petition ("Petition") for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"). Petitioners allege that JHB died as a result of receiving childhood vaccines administered on August 28, 2013.[2]  Petition at 3.

On May 6, 2014, respondent filed a Vaccine Rule 4(c) Report, and on September 6, 2017, the Court found petitioners entitled to compensation based on a theory of causation-in-fact.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to discuss after the Damages decision is issued.

[2] The Petition does not state which vaccines JHB received on August 28, 2013, or which vaccine or vaccines allegedly caused his death. However, pursuant to the medical records, JHB received DTaP, Hep B, IPV, Hib, Prevnar, and Rotavirus vaccinations that day. *See* Ex. 4 at 2.

**II.     Items of Compensation**

    A.     Statutory Death Benefit

Respondent proffers that petitioners should be awarded $250,000.00 pursuant to the death benefit provided for in the Vaccine Act.  Petitioners agree.

    B.     Pain and Suffering

Respondent proffers that petitioners should be awarded $60,000.00 in actual pain and suffering.  Petitioners agree.

**III.    Form of the Award**

Respondent recommends that the compensation provided to petitioners should be made through a lump sum payment as described below, and requests that the Special Master's decision and the Court's judgment award the following:

A lump sum payment of $310,000.00, representing compensation for the statutory death benefit ($250,000.00) and pain and suffering ($60,000.00), in the form of a check payable jointly to petitioners.

    Respectfully submitted,

    CHAD A. READLER
    Acting Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Acting Director
    Torts Branch, Civil Division

    CATHARINE E. REEVES
    Deputy Director
    Torts Branch, Civil Division

    HEATHER L. PEARLMAN
    Assistant Director
    Torts Branch, Civil Division

                                                s/ Robert P. Coleman III
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0274
Email: Robert.P.Coleman@usdoj.gov

DATED:   December 13, 2017