# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 6, 2018

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* | |
| KENNETH H. BARRETT *and* TAMMY   \* | |
| BARRETT, *parents and representatives of* \* | |
| J.H.B., *deceased*,   \* | UNPUBLISHED |
|    \* | |
|       Petitioners,   \* | No. 14-137V |
|    \* | |
| v.   \* | Special Master Gowen |
|    \* | |
| SECRETARY OF HEALTH   \* | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES,   \* | Special Master's Discretion. |
|    \* | |
| Respondent.   \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* | |

Paige W. Perry, Creech Law Firm, P.A., Raleigh, NC, for petitioners.
Robert P. Coleman, III, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 18, 2014, Kenneth H. Barrett and Tammy Barrett ("petitioners") filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Act" or the "Program")[2] on behalf of their deceased infant son, J.H.B. Petitioners alleged that as a result of receiving numerous childhood vaccines on August 28, 2013, J.H.B. died from pneumonia on August 31, 2013. Petition at ¶¶ 12-14; Amended Petition at ¶¶ 12-14.

On September 6, 2017, I ruled that petitioners had established entitlement to compensation based on a theory of causation in fact. Ruling on Entitlement (ECF No. 55). On December 13, 2017, respondent filed a Proffer on an award of compensation, which indicates

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the ruling is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the ruling. Id. **If neither party files a motion for redaction within 14 days, the ruling will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

petitioners' agreement to compensation on the terms set forth therein. Proffer (ECF No. 61). I issued a decision approving the Proffer on December 14, 2017. Damages Decision (ECF No. 62).

On March 3, 2018, petitioners filed a motion for attorneys' fees and costs. Petitioners' ("Pet.") Motion (ECF No. 65). They request $71,674.00 in attorneys' fees and $23,689.96 in attorneys' costs, for a total request of $95,363.96 in attorneys' fees and costs. Pet. Motion, Tab 1 at 10. On March 27, 2018, respondent filed a response to the motion for attorneys' fees and costs. Respondent's Response (ECF No. 67). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Respondent "respectfully requests that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

On March 27, 2018, petitioners filed an unopposed motion to substitute their attorney of record, Mr. Peter J. Sarda, who had passed away. Petitioners requested for Paige W. Perry, another attorney at Mr. Sarda's firm who is also admitted in the U.S. Court of Federal Claims, to be designated as their attorney of record. Pet. Motion to Substitute (ECF No. 66). The undersigned granted the motion and petitioners' counsel was substituted on March 28, 2018. Order (ECF No. 68).

On March 29, 2018, I directed petitioners to file their signed statement(s) confirming that they did not incur any costs in association with the prosecution of this claim pursuant to General Order #9, and further documentation explaining their expert costs. Order (ECF No. 69). On April 4, 2018, petitioners duly filed their signed statements (Pet. Mot., Ex. A), and their expert's invoices (Pet. Mot., Ex. B). (ECF No. 70). Petitioners have not filed a reply. The motion for attorneys' fees and costs is now ripe for adjudication.

The billing records and invoices reflect that all work in this matter was performed by Mr. Sarda and the firm's paralegals. I and other special masters have previously found the hourly rates requested are reasonable and should be awarded. See, e.g., Crane-McDonald v. Sec'y of Health & Human Servs., No. 13-371V, 2016 WL 7655187 (Fed. Cl. Spec. Mstr. Dec. 2, 2016); Fester v. Sec'y of Health & Human Servs., No. 10-243V, 2016 WL 7188684 (Fed. Cl. Spec. Mstr. Nov. 17, 2016). In accordance with those recent decisions, I find that the hourly rates requested in this matter are reasonable and award them in full.

I have reviewed the billing records and invoices submitted with petitioner's motion. The billing entries reflect the nature of the task performed, the amount of time expended, and the person performing each task. The expenses incurred are well-documented and based on my experience, they appear reasonable. I find no cause to adjust the time expended or the costs. Thus, the requested attorneys' fees and costs are awarded in full.

In accordance with the foregoing, petitioners' motion for attorneys' fees and costs is **GRANTED**. Accordingly, I award the following:

1) **A lump sum in the amount of $95,363.96, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioners and their counsel of record, Paige W. Perry of Creech Law Firm, P.A.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.